UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANTHONY MARTIN, )
)
      Plaintiff, )
)
v. ) No. 2:23-cv-00514-JPH-MG
)
SIMMERMAN Sergeant, *et al.*, )
)
      Defendants. )

**ORDER DISMISSING ACTION WITH PREJUDICE
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This lawsuit is based on Anthony Martin's allegations that staff members at Wabash Valley Correctional Facility committed numerous violations of his constitutional rights. Dkt. 11. For the reasons that follow, this case is **dismissed with prejudice.**

On March 27, 2025, this Court imposed a three-year filing restriction against Mr. Martin as a sanction for misconduct in another case in this Court. Dkt. 58 (copy of order entered in *Martin v. Holcomb*, 2:23-cv-00515 (S.D. Ind)). After extensive briefing and factfinding, the Court found that Mr. Martin attempted to avoid summary judgment by forging or modifying documents and presenting them as evidence supporting his claims. And this was not the first time Mr. Martin had been sanctioned for egregious misconduct; he had been sanctioned with filing restrictions on three previous occasions for similar abuses. Those sanctions did not deter Mr. Martin from engaging in further misconduct. In each instance, he paid his fines and waited out his restriction, then filed more lawsuits and committed more sanctionable misconduct. *See id.*, ¶ 51. Based on

the egregious nature of Mr. Martin's misconduct in *Martin v. Holcomb* and his prior instances of misconduct, the Court imposed a three-year filing restriction on Mr. Martin. Dkt. 58 at 34. Consequently, Mr. Martin may not file papers in any civil case—including this one—until at least March 27, 2028. *See id.* at 36.

In *Martin v. Holcomb*, the Court also recommended that the Chief Judge issue an order immediately dismissing all Mr. Martin's pending civil cases—including this one—with prejudice. *Id.* at 37. The Chief Judge declined to unilaterally order the dismissal of Mr. Martin's remaining cases and chose instead to allow each District Judge to determine how to resolve the cases assigned to them. Dkt. 59.

In this case, the defendants moved for partial summary judgment before the filing restriction was imposed. Dkt. 43. That motion is unopposed, as Mr. Martin did not respond before the filing restriction went into effect. Rather than address the merits of the defendants' motion for summary judgment, the Court concludes that it is appropriate to dismiss this case with prejudice. The Seventh Circuit has indicated that it is natural and appropriate to dismiss a case with prejudice when the plaintiff can no longer litigate it due to a filing restriction. Dkt. 59 at 2. In *Martin v. Redden*, 34 F.4th 564, 568–69 (7th Cir. 2022), the Court acknowledged that Mr. Martin had multiple pending cases dismissed because he could not litigate them after being sanctioned with a filing restriction. The Court of Appeals held that this did not make the sanction an abuse of discretion:

> Nor did the court abuse its discretion by imposing a two-year filing bar, *even with the consequence that other civil cases were dismissed with prejudice.* [. . .] Martin protests the filing bar's effect on his other pending cases, not just future suits. [. . .] The point of a *Mack* bar is a severe sanction that denies access to the federal courts for civil remedies, even if those remedies are sought for meritorious claims. We fully recognize that the dismissals and the *Mack* bar were severe sanctions. That's why courts do not impose them lightly. They should be imposed only when less severe sanctions have not been or appear unlikely to be sufficient deterrents to continued abusive or frivolous litigation. The severe sanctions here were appropriate given Martin's egregious behavior, his history of litigation misconduct, and the fact that prior sanctions (including a separate *Mack* bar in another court) had not deterred him from lying.

*Id.* (emphasis added).

That analysis applies just as well in this case. Because of the three-year filing bar, Mr. Martin cannot take the steps necessary to continue his case and its dismissal for failure to prosecute is inevitable. Moreover, given Mr. Martin's track-record of egregious misconduct, it would not be fair or just for the Court to devote limited resources to Mr. Martin's pending cases at the expense of other litigants who have not committed misconduct and consumed a disproportionate amount of the Court's resources. So, dismissal of this case with prejudice is practically necessary and legally justified due to Mr. Martin's filing restriction.

This action is **dismissed with prejudice** due to Mr. Martin's filing restriction and consistent with the Court's previous orders, dkts. 49, 50. The **clerk is directed** to enter **final judgment** consistent with this order and the screening order, dkt. 11. The defendants' motion for partial summary judgment, dkt. [43], is **denied as moot**.

**SO ORDERED.**

Date: 9/12/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov